IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:21-cv-00527-M

MICHELLE MCKOY BYRD,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.

ORDER

This matter comes before the court on the parties' cross-motions for judgment on the pleadings [DE 14 & 17]. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation ("M&R") [DE 20], recommending that the court deny Claimant's motion and allow Defendant's motion. Claimant filed an objection on February 14, 2023 [DE 21].

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1).

De novo review is not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Likewise, merely

reiterating the same arguments made in the pleadings or motion submitted to the Magistrate Judge does not warrant de novo review. *See United States v. Midgette*, 478 F.3d 616, 620–21 (4th Cir. 2007); *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom.*, *Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th Cir. 2013). Absent a proper and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Claimant argues that the M&R incorrectly found that Byrd was not prejudiced by the Administrative Law Judge's ("ALJ") failure to advise her that she could cross-examine the vocational expert ("VE"). DE 21 at 1. In so objecting, Claimant explains that she has a right to cross-examine the VE. *Id.* at 2. To explain what constitutes prejudice, she relies on *Jumper v. Colvin*, No. 5:14-CV-112-RJC, 2015 WL 4921482 (W.D.N.C. Aug. 18, 2015). DE 21 at 3 & n.10–14. She then explains what questions she could have asked if she had known she was allowed to do so. *Id.* at 3–6. This is the same argument made in her briefs. DE 15 at 10 (citing *Jones v. Astrue*, 2010 U.S. Dist. LEXIS 125507, *32 (D. Md. Nov. 29, 2010); *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) for her proposition that the ALJ's failure to inform "was prejudicial because without cross-examining the VE, the record contains evidentiary gaps resulting in unfairness and prejudice"); DE 19 at 1–4 (explaining what questions she could have asked).

Although she did not rely on *Jumper* in her briefs, the court notes that the M&R considered *Jumper* for the proposition that "the ALJ's failure to 'touch upon the Plaintiff's right to cross-examine the VE' was prejudicial where there was a potential apparent conflict between the Department of Transportation and the VE's testimony that could have been addressed on cross-examination." DE 20 at 8 (quoting *Jumper*, 2015 WL 4921482, at *4). The M&R addressed the

issue of prejudice in light of the same potential questions and evidentiary gaps raised, and the M&R concluded that no prejudice resulted. DE 20 at 9. In this case, de novo review is not warranted. *Midgette*, 478 F.3d at 620–21.

Upon careful review of the M&R and the record presented, and finding no clear error, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Claimant's Motion for Judgment on the Pleadings [DE 14] is DENIED; Defendant's Motion for Judgment on the Pleadings [DE 17] is ALLOWED, and the final decision of the Commissioner be AFFIRMED.

SO ORDERED this 31st day of March, 2023.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE